The opinion of the Court was delivered by
Fenner, J.
The State sues to recover from defendant the duty of one-half of one per cent, on the price of sales made by him as a licensed auctioneer, under Sections 141 to 152 of the Revised Statutes.
*621 The claim of the State is based upon a statement of sales furnished by defendant himself, in performance of the official duty imposed upon him by Section 147, R. S., which, though not conforming in all respects to the requirements of the law, furnishes a basis for an estimate of the amount due.
The defense substantially is, that the duty is imposed upon, and payable primarily by, the owner of property sold, and not by the auctioneer; that the auctioneer’s responsibility to the State is conditioned upon the payment to him by the owner; and that the law affords him no means of enforcing payment by the owner.
The provisions of the law are too clear to be misunderstood. The charge is to be paid by the owner to the auctioneer, and’ the latter has the unquestioned right to require and enforce the payment. Boye vs. Girardey, 28 A. 717 5 Wintz vs. Girardey, 31 A. 381.
But it is made the unconditional duty of the auctioneer' to pay the charge to the State. This duty is exin-essly covered by his bond, and, in case of his neglect to pay, he forfeits his license. R. S. 140, 146.
The law does not concern itself with whether he collects or not. It is his duty to collect. It is in his power to collect, because he cannot be compelled to make a sale, unless the owner pays, or secures to his satisfaction the payment of this charge.
If he chooses to remit the charge, or to take the risk of payment, the State cannot suffer. He knows that the la\v requires him to pay, in any event, and he must protect himself. If he chooses to make the sale and take his chance of collection, the risk is his own, and, the sale being made and completed, his liability to the State is absolute.
It is next objected that the duty is not chargeable against succession, bankruptcy and judicial sales. The law makes no distinction whatever in favor of such sales. The language is : “ all property, rights or credits, -which shall be- sold at public auction, or at private sale, by any auctioneer (except such as are or may be exempted by law) shall be subject to a duty of one half of one per centum, etc.” R. S. 145. Unless there exists some law exempting sales of the sort above mentioned, they fall necessarily -within the purview of the Statute. We know of, and have been referred to, no such law.
The question of the constitutionality of the charge upon such, or upon any sales, is not properly presented in this case. Indeed, the answer filed by the defendant specially avers that “ the duty claimed is a debt due by the persons whose goods are sold.” If so due, under the view's above expressed, it was the duty of the defendant to collect and to pay.
The question of the constitutionality of the charge, however, has been elaborately considered by this Court. The conclusions reached *622 were, in substance, that the duty was not a tax within the purview of constitutional provisions limiting the rate of taxation or prescribing equality and uniformity; that it was in the nature of a simple charge for the exercise of the privilege of selling through licensed and bonded officers provided by the State for the security and advantage of those who may voluntarily elect to avail themselves of such privilege. Wintz vs. Girardey, 31 A. 381.
These reasons and principles apply to succession, bankruptcy and other judicial sales which may be made by auctioneers, equally with other sales.
The employment of auctioneers to make such sales is not compulsory. Section 18 of the Revised Statutes provides that “ all sales of property of successions, of property belonging to minors, or in which minors are interested, of property of interdicted persons and property surrendered, made pursuant to an order or decree of any court of this State, may be made either by the sheriff or by an auctioneer, or by the representatives of successions, tutors of minors, curators of interdicted persons, or syndics of insolvents, as the case may be; and it shall be the duty of the Court ordering the sale, to direct that the same be made by the sheriff, or by such airctioneer as shall be selected by the parties, or by the representatives, etc.”
Thus, it is apparent that it rests within the option of the parties interested to avail themselves or not, of the privilege of sale by an auctioneer. If they are unwilling to pay the charge exacted for the exercise of this privilege, the law provides them with other modes of sale, subject to no such duty.
, We have examined this question very carefully. We regret it was not more fully argued and will readily correct, on rehearing, any error into which we may have fallen.
We axe of opinion, however, that the charge is only due upon actual, completed sales. We find an item'in defendant’s report of “sales in suspense and incomplete, $157,335.” Concerning which the evidence furnishes no sufficient explanation. We shall protect defendant’s possible rights by granting a non-suit as to the duties claimed on this account.
Under plaintiff’s prayer for amendment of the judgment, we must increase the amount so as to cover the duties on the balance of the sales.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended, by increasing the amount thereof from $147.91-1 to $2,283.76, with 5 per cent, per annum interest, from September 3d, 1881, being duty due on all the sales reported by defendant, except those reported as “ sales in suspense and incomplete, $157,335,” *623 and that as to the claim for duties on these sales, the demand of plaintiff be dismissed, as in case of non-suit, defendant and appellant to pay costs of this appeal.